**THIERMAN BUCK LLP**
MARK R. THIERMAN, SB# 72913
JOSHUA D. BUCK, SB# 258325
LEAH L. JONES, SB# 276448
7287 Lakeside Drive
Reno, NV 89511
Tel: 775.284.1500
Fax: 775.703.5027
info@thiermanbuck.com

ATTORNEYS FOR PLAINTIFFS

*THIERMAN BUCK LLP*
*7287 Lakeside Drive*
*Reno, NV 89511*
*(775) 284-1500 Fax (775) 703-5027*
*Email info@thiermanbuck.com  www.thiermanbuck.com*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN SANTIAGO, on behalf of herself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHBAY HEALTHCARE GROUP; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;<br>2) Failure to Pay Minimum Wages in Violation of the California Labor Code;<br>3) Failure to Pay Overtime Wages in Violation of the California Labor Code;<br>4) Meal and Rest Period Violations under the California Labor Code;<br>5) Failure to Provide Accurate Wage Statements in Violation of the California Labor Code;<br>6) Failure to Timely Pay All Wages Due and Owing in Violation of the California Labor Code; and<br>7) Unfair Business Practices.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff JOAN SANTIAGO, on behalf of herself and all other similarly situated and typical persons, alleges the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and others employees similarly situated." Plaintiff has or will shortly file with this court a consent to join this action.

2.      This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence, i.e. the failure to properly pay all wages due—and there is no conflict between the procedures applicable to the FLSA and State law claims. *Integrity Staffing Solutions, Inc.,* 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an Opt-in mechanism does not create a conflict warranting dismissal of the state law claims.")

3.      Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in this judicial district and many of the acts complained of herein occurred in Solano County, California, which is located within this district.

**PARTIES**

4.      Plaintiff JOAN SANTIAGO is natural person who has been employed by Defendant as a non-exempt hourly paid employee in Fairfield, California, during the relevant time period.

5.      Defendant NORTHBAY HEALTHCARE GROUP ("Defendant" or "NorthBay") is a domestic non-profit corporation with a principal place of business at 1200 B Gale Wilson Blvd, Fairfield, California 94533-3552.

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

6.      The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff.  Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "NorthBay", "Defendant," "Defendants," herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

7.      According       to       its       LinkedIn       profile       (*see* https://www.linkedin.com/company/northbay-healthcare/about/  (last vised May 15, 2020), NorthBay Healthcare is a nonprofit health care organization that includes two hospitals in Solano County: NorthBay Medical Center in Fairfield and NorthBay VacaValley Hospital in Vacaville. NorthBay that employs approximately 5,000 individuals across its healthcare system. According to its website, "Dignity Health is made up of more than 60,000 caregivers and staff who deliver excellent care to diverse communities in 21 states. Headquartered in San Francisco, Dignity Health is the fifth largest health system in the nation and the largest hospital provider in California." *See* https://www.dignityhealth.org/about-us (last visited Apr. 6, 2020).

8.      Plaintiff was employed by NorthBay as an hourly paid non-exempt Respiratory Therapist from on or about January 2017 to on or about October 2018.  Plaintiff's base rate of pay was approximately $48 per hour at the time of her separation of employment with NorthBay.

**Defendant Systematically Fail To Compensate Patient Care Employees For All The Hours That They Work**

9.      Defendant has systematically failed to compensate Plaintiff and all other similarly situated employees for all their work performed, both overtime and non-overtime hours. Defendant's facilities are systematically understaffed so that Plaintiff and all other similarly situated employees are left to input patient information "off-the-clock" into the electronic medical record (EMR) keeping software used by Defendant—*i.e.*, Cerner—either before the start of their shift, during their meal breaks, or after their shift.

10.      Plaintiff and all other similarly situated employees would record and document any and all patient care notes into Cerner.  Cerner automatically records the times in which

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

Plaintiff and all other similarly situated employees enter data into the system, thereby leaving a "time stamp" to indicate when employees were using the system.

11.     Defendant required Plaintiff and all others similarly situated to make entries into Cerner while at the employer's place of employment.  It is an integral, indispensable and legally necessary to the performance of Plaintiff's job of providing patient care that they make these entries of patient care notes into Cerner, which was also an essential part of the medical billing process as well.

12.     Defendant and Defendant's agents were aware that Plaintiff and all other similarly situated employees were working without compensation because employees were physically present at Defendant's facility and Cerner recorded the time when Plaintiff and similarly situated employees made entries.  Defendant's agents would routinely observe Plaintiff and all others similarly situated making these patient chart Cerner entries "off-the-clock" such as during lunch breaks and before and after each shift.  Upon information and belief, Defendants were repeatedly informed, and it was generally common knowledge, the patient care employees would routinely enter patient care data (also known as "charting") during times that the hourly paid patient care employees were not being compensated for.

13.     Defendant also required all hourly paid employees to clock in and out using an electronic timekeeping system for pay purposes—i.e., Kronos. When comparing the difference between the time entries from Cerner to the time entries in Kronos, Plaintiff and all other similarly situated employees worked a significant amount of time "off-the-clock".

14.     Despite knowing that Plaintiff and other similarly situated individuals were performing work off-the-clock and without compensation, Defendant failed to prevent the performance of such work. Defendant suffered and permitted Plaintiffs to continue doing uncompensated work that they were engaged to perform.

15.     In addition to suffering and permitting Plaintiff and all other similarly situated employees to perform work without compensation, the Cerner data shows, or will show, that Defendant also violated California meal and rest break law by not providing a meal period and rest periods within the requisite number of hours after the start of a shift; failing to provide a

second meal period and/or rest period within the time proscribed by law, and by not permitting a full 30-minute uninterrupted meal period.

**Defendant Required Patient Care Employees To Be On-Duty Meal and Rest Breaks**

16.    Separate and apart from suffering and/or permitting Plaintiff and all other similarly situated employees to perform work off the clock, Defendant also failed to provide a duty free meal and/or rest breaks to Plaintiff and all other similarly situated employees because Defendant required Plaintiff and other similarly situated employees to carry and use NorthBay-provided cellular phones during breaks.

17.    Defendant provided Plaintiff and all other similarly situated employees a cellular phone for on-duty use. These NorthBay-provided cell phones were required to stay on Defendant's premises.

18.    These NorthBay-provided cell phones were required to stay on Plaintiff and other similarly situated employees' person while they were on-duty.

19.    Plaintiff and all other similarly situated employees were required to carry the NorthBay-provided cell phones with them when they attempted to take a meal and/or rest break.

20.    Plaintiff and all other similarly situated employees would routinely and regularly receive calls on their NorthBay-provided cell phones during their attempted meal and/or rest break.

21.    Because of Defendant's cell phone policy, Plaintiff and all other similarly situated employees were always on duty and required to listen, and respond, to calls on the NorthBay-provided cell phones.  Accordingly, Plaintiff and all other similarly situated employees did not receive full uninterrupted meal and/or rest breaks according to California law.

22.    Pursuant to Emergency Rule 9 from the California State Judicial Council, the statute of limitations for all the claims asserted in this action has been tolled as of April 6, 2020, because of the COVID-19 pandemic.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

23.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com   www.thiermanbuck.com

24.     Plaintiff brings this action on behalf of herself and all other similarly situated and typical employees as both a collective action under the Fair Labor Standards Act ("FLSA") and a class action under Rule 23 of the Federal Rules of Civil Procedure.

## The FLSA Class

25.     Plaintiff brings this action on behalf of herself and the following **FLSA Class (hereinafter referred to as "FLSA Class Members")**:

> All nonexempt hourly paid employees employed by Defendant within the United States who worked off the clock as demonstrated by the comparison between the EMR system and electronic timekeeping system at any time during the relevant time period alleged herein.

26.     With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those she seeks to represent for the following reasons, among others:

A.     Defendant employed Plaintiff as hourly-paid employees who did not receive her full wages for all the hours that she worked, and, where applicable, her overtime premium pay at one and one-half times the regular rate of pay for all hours worked over forty (40) hours in a workweek.

B.     Plaintiff's situation is similar to those she seeks to represent because Defendant failed to pay Plaintiff and all other FLSA Class Members for all time they were required to work, but with the knowledge, acquiescence and/or approval (tacit as well as expressed) of Defendant's managers and agents.

C.     Common questions exist as to whether Plaintiff and all other FLSA Class Members worked off the clock and without compensation.

D.     Upon information and belief, Defendant employs, and have employed, approximately 5,000 FLSA Class Members within the applicable statute of limitations.

E.     Plaintiff has signed or will sign a Consent to Sue form to be filed in the court shortly.

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com www.thermanbuck.com

<u>**The California Classes**</u>

27.     Plaintiff brings this action on behalf of herself and all members of the California Off the Clock Class (as defined below), the California On Duty Break Class (as defined below), and all Subclasses contained therein.

28.     The **California Off the Clock Class** (hereinafter referred to as "California Off the Clock Class Members") is defined as follows:

> All nonexempt hourly paid employees employed by Defendant in California who worked off the clock as demonstrated by the comparison between the EMR system and electronic timekeeping system at any time during the relevant time period alleged herein.

A.     The **California Off the Clock Class** may be further subdivided into the following subclasses of similarly-situated and typical individuals based upon the divergent statute of limitations period for various claims asserted herein (collectively "the Off the Clock Subclasses" or "Off the Clock Subclass Members"):

> **Meal Break Off the Clock Subclass:** All California Off the Clock Class Members who worked off who worked off the clock during a meal break as demonstrated by the comparison between the EMR system and electronic timekeeping system at any time during the relevant time period alleged herein.

> **Itemized Wage Statement Off the Clock Subclass:** All California Off the Clock Class Members who were employed at any time during the relevant time period alleged herein.

> **Waiting Time Penalties Off the Clock Subclass:** All California Off the Clock Class Members who are former employees and who were employed at any time during the relevant time period alleged herein.

29.     The **California On Duty Break Class** (hereinafter referred to as "California On Duty Break Class Members") is defined as follows:

> All nonexempt hourly paid employees who were employed by Defendant in California and who carried a cell phone

provided by Defendant on their person at any time during the relevant time period alleged herein.

A. The **California On Duty Class** may be further subdivided into the following subclasses of similarly-situated and typical individuals based upon the divergent statute of limitations period for various claims asserted herein (collectively "the On Duty Break Subclasses" or "On Duty Subclass Members"):

> **Itemized Wage Statement On Duty Subclass:** All California On Duty Class Members who were employed at any time during the relevant time period alleged herein.

> **Waiting Time Penalties On Duty Subclass:** All California On Duty Class Members who are former employees and who were employed at any time during the relevant time period alleged herein.

30. Class treatment is appropriate in this case for the following reasons:

A. <u>The Classes Are Sufficiently Numerous</u>: Upon information and belief, Defendant employs, and have employed, approximately 5,000 members of the California Off the Clock Class and the California On Duty Class within the applicable statute of limitations. Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the members of the Classes as well as its numerosity.

B. <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiff and members of the Classes, including, without limitation:

1) Whether Defendant failed to compensate Plaintiff and members of the Classes for all the hours that they worked;

2) Whether Defendant's cell phone policy rendered all breaks "on duty";

3) Whether Defendant's policy of not including the hours worked off the clock in a pay period on the pay stub violates the itemized wage statement provisions of the California Labor Code and the Orders of the California Industrial Wage Commission; and

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com  www.thermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com  www.thermanbuck.com

4)      Whether Defendants willfully failed to pay members of the Classes all wages due and owing at the time of termination.

C.      <u>Plaintiff's Claims are Typical to Those of Fellow Members of the Classes</u>: Plaintiff's claims are typical to those of the Classes she seeks to represent.  Plaintiff and members of the California Off the Clock Class performed work off the clock without compensation; Defendant forced, suffered and/or permitted Plaintiff and members of the California Off the Clock Class to work through their meal and/or rest breaks; Defendant's cell phone policy did not give Plaintiff and members of the and the California On Duty Class duty free breaks; Defendant did not give Plaintiff and members of the Classes accurate wage statements to reflect all their hours worked, rate of pay, and overtime compensation; and Defendant has not timely remitted all wages due and owing to Plaintiff and members of the Classes who are former employees upon their termination.

D.      <u>Plaintiff Is An Adequate Representative of the Classes</u>:  Plaintiff will fairly and adequately represent the interests of members of the Classes because Plaintiff is a member of both proposed Classes, she has common issues of law and fact with all members of the Classes, and her claims are typical to other members of the Classes.

E.      <u>A Class Action is Superior/Common Claims Predominate</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Classes is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com   www.thermanbuck.com

**FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiff and the FLSA Class Against Defendant)

31.     Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

32.     29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

33.     By failing to compensate Plaintiff and FLSA Class Members for all the time they were suffered and/or permitted to work as described above, Defendant has failed to pay Plaintiff and FLSA Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

34.     Wherefore, Plaintiff demands for herself and for all others similarly situated, that Defendant pay Plaintiff and FLSA Class Members one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

**SECOND CAUSE OF ACTION**

**Failure to Pay Minimum Wages for All Hours Worked Under California Law**

(On Behalf of Plaintiff and members of the California Off the Clock Class and the California On Duty Class Against Defendant)

35.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

36.     California Labor Code (hereinafter referred to as "Labor Code") § 1194 provides that "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled

to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

37.     Labor Code § 1197 empowers the Industrial Welfare Commission to fix the minimum wage and states that "the payment of a less wage than the minimum so fixed is unlawful."  Section 4 of applicable Wage Order No. 9 requires Defendant to pay its employees minimum wages for all hours worked.

38.     Because Defendant failed to compensate Plaintiff and California Off the Clock Class Members for their hours worked off the clock as set forth above, Defendant failed to pay Plaintiff and California Off the Clock Class Members the required minimum wage rate for each hour worked.

39.     Because Defendant's cell phone policy did not permit Plaintiff and California On Duty Class Members to take duty free breaks as set forth above, Defendant owes Plaintiff and California On Duty Class Members the required minimum wage rate for each and every on duty meal break.

40.     Labor Code § 1194.2(a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by the IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

41.     Plaintiff and all members of the Classes should have received their regular rate of pay, or the minimum wage, whichever is higher, in a sum according to proof for the hours worked, but not compensated, during the Class Period.  Defendant therefore owes Plaintiff and all members of the Classes heir regular rate wages or minimum wages, whichever are higher, as well as liquidated damages in an equal amount to the wages owed, and has failed and refused, and continues to fail and refuse, to pay Plaintiff and members of the Classes the amounts owed.

42.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and members of the Classes have sustained damages and been deprived of minimum wages and regular wages that are owed in amounts to be proven at trial, and are entitled to recovery of such amounts, plus interest, liquidated damages, and attorneys' fees and

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

costs pursuant to Labor Code §§ 218.5, 1194, and 1194.2, for the three years prior to the filing of this complaint to the date of judgment after trial.

43.     Because Defendant's conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200, Plaintiff and members of the Classes are entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

44.     Defendant is also subject to civil penalties and restitution of wages payable to Plaintiff and all members of the Classes pursuant to Labor Code § 1197.1 as follows:

> (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages.
>
> (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages.
>
> (3) Wages recovered pursuant to this section shall be paid to the affected employee.

These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

45.     Defendant is also subject to civil penalties and restitution of wages payable to Plaintiff and all members of the Classes pursuant to Labor Code § 558 for violating the applicable Wage Order as follows:

> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages for All Hours Worked Under California Law**

(On Behalf of Plaintiff and members of the California Off the Clock Class and the California On Duty Class Against Defendant)

46.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

47.     Labor Code §§ 510 and 1198, and Section 3 of applicable Wage Order No. 9, mandate that California employers pay overtime compensation at one and one-half times the regular rate of pay to all non-exempt employees for all hours worked over eight (8) per day or over forty (40) per week and "any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."  Section 3(A)(1) of the applicable Wage Order states in relevant part: "Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek."

48.     Labor Code § 1198 states that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com  www.thermanbuck.com

standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

49.     Because Defendant failed to compensate Plaintiff and California Off the Clock Class Members for their hours worked off the clock as set forth above, Defendant failed to pay Plaintiff and California Off the Clock Class Members overtime compensation when due.

50.     Because Defendant's cell phone policy did not permit Plaintiff and California On Duty Class Members to take duty free breaks as set forth above, Defendant owes Plaintiff and California On Duty Class Members the required overtime compensation. if applicable, for each and every on duty meal break.

51.     Wherefore, Plaintiff demands for herself and for all members of the Classes that Defendant pay Plaintiff and members of the Classes overtime pay at the applicable legal rate for all overtime hours worked together with attorneys' fees, costs, and interest as provided by law for the three years prior to the filing of this complaint to the date of judgment after trial.

52.     Because Defendant's conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200, Plaintiff and members of the Classes are entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

53.     Defendant is also subject to civil penalties and restitution of wages payable to Plaintiff and all members of the Classes pursuant to Labor Code § 558 for violating the applicable Wage Order as follows:

> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (3) Wages recovered pursuant to this section shall be paid to the affected employee.

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com www.thermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com  www.thermanbuck.com

## FOURTH CAUSE OF ACTION

### Failure to Provide Meal and Rest Breaks Under California Law

(On Behalf of Plaintiff and all members of the California On Duty Class and Meal Break Off the Clock Subclass Against Defendant)

54.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

55.     Section 11 of the applicable Wage Order states, in relevant part: "(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

56.     Labor Code § 226.7 states that: "a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." California Labor Code § 229 provides for a private right of action to enforce the provisions of Labor Code 226.7.

57.     Labor Code § 512 provides in relevant part: "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . ."

58.     As described above, Defendant maintained a policy whereby Plaintiff and all members of the California On Duty Class did not receive uninterrupted rest and/or meal breaks because they were required to carry an employer-provided cell phone to receive and respond to employment related calls.

59.     As described above and demonstrated by the comparison of the EMR and electronic timekeeping records, Plaintiff and Meal Break Subclass Members routinely worked

through meal periods as required by Defendant but were not compensated for the missed meal period pursuant to 226.7.

60.    Wherefore, Plaintiff demands payment for herself and all members of the California On Duty Class and the Meal Break Subclass, the actual amount of pay for the hours worked during the interrupted meal period, at the applicable rate of pay, and the penalty of one hour pay per day for every missed mandatory meal period, together with attorneys' fees, costs, penalties, and interest as provided by law for the three years prior to the filing of this complaint to the date of judgment after trial.

61.    Plaintiff further demands payment Plaintiff demands payment for herself and all members of the California On Duty Class, the penalty of one hour pay per day for every missed mandatory rest period, together with attorneys' fees, costs, penalties, and interest as provided by law for the three years prior to the filing of this complaint to the date of judgment after trial.

62.    Because Defendant's conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code § 17200, Plaintiff and all members of the California On Duty Class and the Meal Break Subclass are entitled to recover the amounts previously specified for four years prior to the filing of this complaint to the date of judgment after trial.

## FIFTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements Under California Law

(On Behalf of Plaintiff and members of the Wage Statement Off the Clock Subclass and Wage Statement On Duty Subclass (collectively "Wage Statement Subclasses") Against Defendant)

63.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

64.    Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements showing, inter alia, hours worked, to Plaintiff and members of the Wage Statement Subclasses in accordance with Labor Code § 226(a) and applicable Wage Order No. 9.  Such failure caused injury to Plaintiff and members of the Wage Statement Subclasses

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

by, among other things, impeding them from knowing the amount of wages to which they are and were legally entitled.

65. Plaintiff's good faith estimate of the number of pay periods in which Defendant failed to provide accurate itemized wage statements to Plaintiff and members of the Wage Statement Subclasses is each and every pay period during the Class Period.

66. Plaintiff and members of the Wage Statement Subclasses are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and further seek the amount provided under Labor Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

67. Defendant is also subject to civil penalties for Labor Code §§ 226(a) violations "in the amount of two hundred and fifty dollars ($250) per employee per violation in an initial citation and one thousand ($1,000) per employee for each violation in a subsequent citation . . . ." as provided by Labor Code §§ 226.3.

68. Because Defendant's conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code Section 17200, Plaintiff further demands the Defendant be enjoined from continuing to provide inaccurate pay statements that fail to include the amount of hours worked by each employee, the hourly rate of pay, and the amount of all overtime hours worked at the corresponding hourly rate.

## SIXTH CAUSE OF ACTION

### Failure to Timely Pay All Wages Due and Owing Under California Law

(On Behalf of Plaintiff and members of the Waiting Time Penalties Off the Clock Subclass and the Waiting Time Penalties On Duty Subclass (collectively "Waiting Time Penalty Subclass") Against Defendant)

69. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

70. Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com  www.thermanbuck.com

fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

71.    Plaintiff and all members of the Waiting Time Penalty Subclass are entitled to unpaid compensation for unpaid minimum, regular, and overtime wages, as alleged above, but to date have not received such compensation.  Defendant's failure to pay such wages and compensation, as alleged above, was knowing and "willful" within the meaning of Labor Code § 203.

72.    As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and all members of the Waiting Time Penalty Subclass are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### Unfair Business Practices Under California Law

(On Behalf of Plaintiff and the California Classes Against Defendant)

73.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

74.    By the conduct described throughout this Complaint, Defendant has violated the provisions of the California Labor Code as specified and have engaged in unlawful, deceptive, and unfair business practices prohibited by California Business & Professions Code § 17200, *et seq*.  Defendant's use of such practices resulted in greatly decreased labor costs and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendant's competitors.

75.    The unlawful and unfair business practices complained of herein are ongoing and present a threat and likelihood of continuing against Defendant's current employees as well as other members of the general public.  Plaintiff and all members of the Classes are therefore entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage and to avoid a multiplicity of lawsuits.  Accordingly, Plaintiff and all members of

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

the Classes request a preliminary and permanent injunction prohibiting Defendant from the unfair practices complained of herein.

76.     Defendant generated income as a direct result of the above-mentioned unlawful and unfair business practices.  Plaintiff and all members of the Classes are therefore entitled to restitution of any and all monies withheld, acquired, and/or converted by Defendant by means of the unfair and unlawful practices complained of herein.

77.     As a result, Plaintiff and all members of the Classes seek restitution of their unpaid wages, unpaid overtime, meal and rest break pay, itemized wage statement penalties, and waiting time penalties, in addition to interest, attorneys' fees, and costs, as necessary and according to proof.  Plaintiff seeks the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendant.

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore Plaintiff, individually and on behalf of all other similarly situated and aggrieved employees, pray for relief as follows relating to their collective, class, and representative action allegations:

1.     For an order conditionally certifying the action under the FLSA and providing notice to all FLSA Class Members so they may participate in the lawsuit;

2.     For an order certifying this action as a class action on behalf of the proposed California Classes and Subclasses;

3.     For an order appointing Plaintiff as the Representative of the Classes and Subclasses and for an order appointing her counsel as Class Counsel;

4.     For damages according to proof for regular rate or minimum rate pay, whichever is higher, for all hours worked under both federal and state law;

5.     For damages according to proof for overtime compensation for all overtime hours worked under both federal and state law;

6.     For liquidated damages;

7.  For one hour of pay at the regular rate or minimum rate pay, whichever is higher, for every missed and/or inadequate meal and/or rest period under California law;

8.  For waiting time penalties;

9.  For civil penalties;

10. For interest as provided by law at the maximum legal rate;

11. For reasonable attorneys' fees authorized by statute;

12. For costs of suit incurred herein;

13. For pre-judgment and post-judgment interest, as provided by law, and

14. For such other and further relief as the Court may deem just and proper.


DATED: July 9, 2020                THIERMAN BUCK LLP


                                   s/ *Mark R. Thierman*
                                   Mark R. Thierman
                                   Joshua D. Buck
                                   Leah L. Jones

                                   *Attorneys for Plaintiff*



**EXHIBITS**


Exhibit A:     Joan Santiago Consent to Sue

# EXHIBIT A

Joan Santiago Consent to Sue

# EXHIBIT A

Mark R. Thierman, Ca. Bar No. 72913
mark@thiermanbuck.com
Joshua D. Buck, Ca. Bar No 258325
josh@thiermabuck.com
Leah L. Jones, Ca. Bar No 276448
leah@thiermanbuck.com
Joshua R. Hendrickson, Ca. Bar No 282180
Joshh@thiermanbuck.com
**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SOLANO

| | |
|---|---|
| JOAN SANTIAGO, on behalf of herself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHBAY HEALTHCARE GROUP; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.<br><br>**CONSENT TO JOIN** |

## CONSENT TO JOIN

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), states, "No employee shall be a party plaintiff to any such action [under the FLSA] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought" and unless the Court provides otherwise, the statute of limitations is tolled on the FLSA claims only when the Consent to Sue is filed with the Court.

*(sidebar)* THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com  www.thiermanbuck.com

1   Therefore, pursuant to the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 216(b), I Joan

2   Lee Santiago hereby give my consent in writing to become a party plaintiff against my employer,

3   former employer, and/or any and all of its affiliated entities, currently identified as Northbay

4   Medical.   I authorize the filing of a copy of this Consent form in Court, with my personal

5   information redacted. I further consent to join this and/or any subsequent or amended suit against

6   the same or related defendants for wage and hour violations.

Print Name:   Joan Lee Santiago _____

Signature: _____

Date signed: _6/12/2020_____

Employer/Former Employer: _Northbay medical center___

_____

The following contact information below will be redacted before filing with the Court:

Name: ___████████_____

Address:_████████_____

City, State & Zip:_██████_____

Telephone number:_█████_____

Email:_██████_____

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com